Salvador **ALFARO–NAVARRO**, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–76802.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Jonathan Myles Kaufman, Esquire, San Francisco, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Walter Manning Evans, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Salvador Alfaro–Navarro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") removal order and the former Legalization Appeals Unit's ("LAU") order dismissing Alfaro–Navarro's appeal from the denial of his Special Agricultural Worker ("SAW") application. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of the SAW application, *Perez–Martin v. Ashcroft,* 394 F.3d 752, 758 (9th Cir.2005), and the decision whether to grant a continuance, *Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir. 2000). We review de novo questions of law and claims of constitutional violations in immigration proceedings. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003).

The LAU did not abuse its discretion in dismissing Alfaro–Navarro's SAW appeal where Alfaro–Navarro provided insufficient evidence of qualifying employment. *See Perez–Martin,* 394 F.3d at 759–60 (to overcome derogatory government evidence, an applicant must provide enough evidence to show qualifying employment "as a matter of just and reasonable inference") (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)).

Alfaro–Navarro contends the LAU violated his due process rights by failing to fully inform him of the appeals process. However, because Alfaro–Navarro was able to appeal from the 1992 Notice of Decision, and because he fails to address the denial of his SAW application on the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

merits before this court, he has not demonstrated prejudice. *See Kohli v. Gonzales,* 473 F.3d 1061, 1068–9 (9th Cir.2007) ("required prejudice not shown where alleged procedural defect did not obstruct ability to respond to charges or present case.").

The IJ did not err in denying the motion to terminate where Alfaro–Navarro was properly served with his Notice to Appear ("NTA"), appeared at his hearing, and failed to demonstrate prejudice. *See id.* at 1065–67 (unclear identity of issuing officer on NTA does not deprive immigration court of jurisdiction unless petitioner can demonstrate prejudice).

The IJ did not abuse his discretion in granting the government a continuance, where the government attorney did not have the relevant files. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a motion to continue for good cause shown).

We agree with the BIA's determination that the government met its burden of proving Alfaro–Navarro's removability where Alfaro–Navarro admitted that he was an alien whose temporary resident application had been denied. *See* 8 U.S.C. § 1229a(c)(3)(A) (government must prove removability by clear and convincing evidence); *see also* 8 C.F.R. § 210.2(c)(4)(ii)–(iv) (providing for temporary admission and stay of deportation proceedings for SAW applicants).

Alfaro–Navarro's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.